**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| WADIS PHILLIPS, | : | |
| | : | Civil No. 16-5446 (RMB) |
| Petitioner, | : | |
| | : | **MEMORANDUM AND ORDER** |
| v. | : | **ON MOTION TO SEAL** |
| | : | |
| N.J. STATE PAROLE BOARD, | : | |
| | : | |
| Respondent. | : | |

This matter comes before the Court upon Respondents' Motion to File Confidential Documents Under Seal Pursuant to L. Civ. R. 5.3 (("Mot. to Seal") (ECF No. 14.) Petitioner did not oppose the motion.

On September 7, 2016, Petitioner filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254, challenging the May 2014 decision of the New Jersey Parole Board, denying parole and setting a ten-year future eligibility term. (Pet., ECF No. 1.) Respondent filed an Answer to the Petition, including the relevant portions of the state court record. (Answer, ECF No. 13.)

Respondent has requested that the Court file under seal Petitioner's presentence investigation report, pre-parole medical summary, a psychological evaluation dated April 29,

2013, a confidential memorandum from the Essex County Prosecutor's Office, a document entitled "Confidential Reports Considered," dated February 19, 2014, and a confidential addendum, dated June 5, 2014. (Declaration of Christopher C. Josephson, ECF No. 14-1, ¶5.)

Local Civil Rule 5.3(c)(2) and (3) requires the court to consider, upon a motion to seal, (1) the nature of the materials or proceedings at issue; (2) the legitimate private or public interests which warrant the relief sought; (3) the clearly defined and serious injury that would result if the relief sought is not granted, and (3) why a less restrictive alternative to relief is not available.

The nature of the materials at issue are Petitioner's presentence report, Petitioner's medical records, and documents discussing Petitioner's medical records.

Under New Jersey state law, presentence reports are confidential from third parties. State v. DeGeorge, 274 A.2d 593 (N.J. Super. Ct. App. Div. 1971). The Supreme Court of New Jersey has determined there is a public interest in maintaining confidentiality of presentence reports from third parties. State v. Kunz, 55 A.2d 895, 902 (N.J. 1969). Respondent will make a copy available to Petitioner upon his request, but the report is otherwise confidential and no alternative is available to sealing the presentence report.

2

Petitioner has an interest in the privacy of his medical records. Doe v. Delie, 257 F.3d 309, 315 (3d Cir. 2001) ("There can be no question that ... medical records, which may contain intimate facts of a personal nature, are well within the ambit of materials entitled to privacy protection") (quoting United States v. Westinghouse Elec. Corp., 638 F.2d 570, 577 (3d Cir. 1980)). Additionally, the State has enacted legislation prohibiting disclosure of an inmate's mental health evaluations to an inmate, under circumstances where the release of information would be harmful to the inmate, jeopardize the safety of others, compromise the privacy of others or have a substantial impact on the orderly operation of the correctional facility. See N.J.A.C. 10A:22-2.7(d). Therefore, both parties' interests warrant sealing Petitioner's medical records.

Petitioner's right to medical privacy would be injured if his medical records are publicly available on the Court's docket. The State's interest in the safe operation of correctional facilities is also compromised by disclosure of an inmate's mental health evaluation. Finally, the Court finds that there is no less restrictive alternative to sealing Plaintiff's medical records, and the documents discussing those records.

**IT IS** therefore on this **6th** day of **October 2017**;

**ORDERED** that the motion to seal (ECF No. 14) is **GRANTED**, and it is further

**ORDERED** that the Clerk of the Court shall maintain under seal the confidential documents (Cra1-Cra33) contained in Exhibit "B" to the Declaration of Christopher C. Josephson (ECF No. 15); and it is further

**ORDERED** that the Clerk of Court shall serve this Memorandum and Order on Petitioner by regular mail.

                                          <u>s/Renée Marie Bumb</u>
                                          **RENÉE MARIE BUMB**
                                          **United States District Judge**